

**ENTERED**
**05/31/2013**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| EDWARD G. RIZK, | ) CASE NO. 13-32811-H3-11 |
| Debtor, | ) |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Motion of StanCorp Mortgage Investors, LLC and Standard Insurance Company for Relief from the Stay" (Docket No. 10). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered lifting the stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Edward G. Rizk ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 6, 2013.

On May 7, 2013, Debtor filed a Schedule A, indicating that he owns, <u>inter</u> <u>alia</u>, a shopping center in Cypress, Texas. (Docket No. 2).

At the hearing on the instant motion, Debtor testified that he does not own the shopping center. Rather, he testified

that the shopping center is owned by Lakewood Towne Square Business Center, Ltd. ("Lakewood"), an entity of which Rizk Property Services, L.C. is the general partner. Debtor testified that he is the manager of Rizk Property Services, L.C. , and that Rizk Property Services, L.C. is his alter ego.

In the instant motion, StanCorp Mortgage Investors, LLC and Standard Insurance Company ("Movants") seek relief from the automatic stay, in order to proceed with a foreclosure sale on June 4, 2013.

On February 14, 2008, Lakewood, Rizk Property Services, L.C., as manager and in its own capacity, and Debtor, all signed a note payable to Movants, in the original principal amount of $1.2 million. (Movants' Exhibit 4). The note provides for monthly payments to Movants in the amount of $7,732.00 per month. Lakewood, through Rizk Property Services, L.C., signed a deed of trust with respect to the property. (Movants' Exhibit 5).

Debtor testified that the current amount owed to Movants is approximately $1.1 million.

Debtor testified that Lakewood has rental income of approximately $8,500 per month, from two tenants. He testified that 4,200 square feet of the 9,600 square feet of total space remain vacant. He testified that he has agreed to sell the property to one of the two tenants.[1] He testified that no

---

[1] The agreed sale price is not in evidence.

closing of the sale is imminent.  He testified that the tenant's purchase of the property depends on her being able to obtain financing.  He testified that the contract for sale of the property has a closing date during Summer, 2013, but that he anticipates the closing will not take place during Summer, 2013.

Debtor testified that he has notes, other than that owed to Movants, on which he is liable.  He testified that he is unable to pay all of the notes.

Debtor testified that the tenant who has agreed to purchase the shopping center provided him an earnest money payment of $20,000.  He testified that he used the earnest money funds provided by the prospective purchaser to make payments on the note to Movants.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and

3

>>(B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor has made no offer of adequate protection as to Movants' interest in the property. Although Lakewood apparently has income, Debtor has not agreed to pay any portion of that income to Movants, and in fact has apparently diverted not only the income received by Lakewood from its tenants to payment of his other personal debts, but also has used earnest money deposited on a sale transaction that has not been consummated to make some prepetition payments to Movants. The court concludes that Debtor has not met the burden of proof on the question of cause for lifting of the stay. The court concludes that the stay should terminate, for cause.[2]

---

[2] Because the court has determined that the stay should lift for cause under Section 362(d)(1) of the Bankruptcy Code, the

Based on the foregoing, a separate Judgment will be entered on the "Motion of StanCorp Mortgage Investors, LLC and Standard Insurance Company for Relief from the Stay" (Docket No. 10), lifting the stay with respect to the property identified in the motion.

Signed at Houston, Texas on May 31, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

court does not reach the question of the Debtor's equity in the property and necessity for reorganization under Section 362(d)(2) of the Bankuptcy Code.