IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**10/08/2013**

```
                              )
IN RE                         )
                              )
EDWARD G. RIZK,               )   CASE NO. 13-32811-H3-11
                              )
            Debtor,           )
                              )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "1st Amended Application to Employ Donald T. Cheatham as Debtor's Counsel" (Docket No. 54). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the application, without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Edward G. Rizk ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 6, 2013. The petition was signed by Debtor and by Donald T. Cheatham as Debtor's counsel.

The instant application, although titled as "1st Amended," is Debtor's third application to employ Cheatham as his counsel. The first application (Docket No. 28), was filed on May

31, 2013, and lacked the signature of Debtor.  The second application (Docket No. 48) was signed by Debtor.  The instant application (Docket No. 54) amends the application at Docket No. 48.

In connection with the instant application, Cheatham submitted an unsworn declaration under penalty of perjury.  The declaration contains Cheatham's statement, <u>inter</u> <u>alia</u>, that he is a disinterested person within the meaning of 11 U.S.C. § 101(14).

At the hearing on the instant application, Cheatham asserted that he provided substantial prepetition services to Debtor, including representing Debtor with respect to a probate matter pending in Texas.  He stated that he has been paid from funds which he held on Debtor's behalf in his IOLTA account.  He stated that approximately $3,500 remains in those funds, and that he has not determined whether he is owed money by Debtor for prepetition services.[1]

<u>Conclusions of Law</u>

Under Section 1107(a) of the Bankruptcy Code, a Chapter 11 debtor in possession may seek employment of professional persons under Section 327(a) of the Bankruptcy Code.  Section 327(a) provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers,

---

[1] The court notes that Debtor's schedule B does not identify the $3,500 as to which Cheatham states he holds the funds on Debtor's behalf, as an asset of Debtor.

or other professional persons, that do not hold or
represent an interest adverse to the estate, and that
are disinterested persons, to represent or assist the
trustee in carrying out the trustee's duties under this
title.

11 U.S.C. § 327(a).

The term "disinterested person" means a person that –

(A) is not a creditor, an equity security holder, or an
insider;

(B) is not and was not, within 2 years before the date
of the filing of the petition, a director, officer, or
employee of the debtor; and

(C) does not have an interest materially adverse to the
interest of the estate or of any class of creditors or
equity security holders, by reason of any direct or
indirect relationship to, connection with, or interest
in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

In determining the question of whether proposed

counsel's potential holding of a prepetition claim against the

debtor disqualifies counsel from representing the debtor, the

court considers the totality of circumstances.  In re SBMC

Healthcare, LLC, 473 B.R. 871 (Bankr. S.D. Tex. 2012), citing

Matter of Am. Int'l Refinery, Inc., 676 F.3d 455 (5th Cir. 2012)

and In re West Delta Oil Co., 432 F.3d 347 (5th Cir. 2005).

In the instant case, counsel has not made the effort to

ensure that he is free of a disqualifying conflict.  His

statements indicate an inattention to detail that renders suspect

his statement in his unsworn declaration that he is a

disinterested person.  The court concludes that the instant

application should be denied, without prejudice to the filing of

an amended application addressing the status of Cheatham's prepetition representation and any fees that may remain owing.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "1st Amended Application to Employ Donald T. Cheatham as Debtor's Counsel" (Docket No. 54).

Signed at Houston, Texas on October 8, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE